## Coyle Assessment

*Raymond deRaymond*, for appellants.
*John C. Hambrook*, for appellee.

WOODRING, J., August 4, 1958.—This is an appeal from the assessment of a certain parcel of real estate with the improvements thereon erected, which said premises are situated in the Township of Moore, Northampton County. Appellants, Martin W. and Ruth A. Coyle, own a parcel of real estate, being a four-sided figure of the following dimensions: 120, 128.71, 114.69 and 183 feet. On the premises are three house trailers, described in the testimony as trailer nos. 1, 3 and 4. Trailer no. 1 is owned by appellants and is 10 x 45 feet. Attacher to this trailer is a metal canopy and a three-wall addition. The trailer abuts a concrete floor or patio. Trailer no. 3 is in the name of appellants' daughter, Dolores H. Coyle. Trailer no. 4 is titled in the name of appellants' son, Ronald B. Coyle. Both of these latter trailers abut concrete floors or patios.

The Board of Assessment and Revision of Taxes of the County of Northampton fixed the value of the land at $200 and the improvements at $11,300, or a total of $11,500. The uniform rate of assessment adopted by said board is 60 percent and the assessment thereby

fixed at $6,900. There are two cesspools constructed in the land; two of the trailers are connected to one of them and the third is connected to the other. These connections are by way of composition sewage hoses. Also, an artesian well has been drilled in the land which provides water for the trailers. The water connections are by means of plastic hose underground and copper tubing and unions above the surface. Electricity is supplied by means of a lead-in wire to each trailer to which is connected a meter box. All three trailers have been jacked up, their wheels removed and rest upon concrete blocks and pieces of timber. The trailers have been occupied since the summer of 1956.

Appellants assign two principal reasons for the appeal: (1) That the trailers are not real estate; and (2) that the method of evaluation is illegal. The general law of assessments and revision of taxes was reviewed and considered at length by the court en banc in the case of In re Assessment of Real Estate, 60 Centre Square, Easton, 34 Northamp. 135. We deem it unnecessary to rereview the law therein set forth. We will, however, endeavor to consider the two questions specifically raised by appellants.

The General County Assessment Law of May 23, 1933, P. L. 853, 72 PS §5021-101, and the Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, 72 PS §5453.101, failed to designate house trailers or trailer parks as subjects of assessment and taxation. Allegheny, Beaver and Montgomery counties endeavored to include the value of trailers in their assessment of trailer camps. The courts of each of those counties held that such assessment was improper: Streyle v. Board of Property Assessment, Appeals and Review, 173 Pa. Superior Ct. 324, 98 A. 2d, 410; Mason Appeal, 75 D. & C. 1; Fryer Appeal, 81 D. & C. 139. Since those cases, or perhaps because of those

cases, the legislature adopted a 1953 amendment to the 1943 Act, the Act of July 17, 1953, P. L. 464, 72 PS §5453.201, which reads, in part:

"The following subjects and property shall . . . be valued and assessed . . .

"(a) All real estate, to wit: Houses, *house trailers permanently attached to land*, buildings, land, lots of ground and ground rents, *trailer parks* . . ."[1]

Our investigation has failed to uncover any adjudication on the question of assessment of house trailers since the Act of 1953. By the language of that act house trailers are expressly made a subject of assessment and taxation provided they are "permanently attached to land". Our question, therefore, is: Are the trailers in the case at bar permanently attached to the land? Appellants and their children testified, subject to objection, that they did not intend to continue the trailers on the Moore Township premises permanently or indefinitely. The permanency of attachment is not tested by the inability to sever the improvement from the land but rather by the intention of the parties: Streyle v. Board of Property Assessment, supra; Fryer Appeal, supra. That intention cannot be determined from the self-serving statements of the parties in interest, but is a question of fact to be determined from all of the facts and circumstances.

This case is unlike those of the trailer camps where the presence of the trailers is temporary and of a transitory nature. In the case at bar the occupants of the trailers have lived on the premises since the summer of 1956, a period of two years. Son, Ronald, testified that he intends to leave the premises "when he gets a civil service job". In the meantime, however, he has been steadily employed at Nazareth Cement Company since May 9, 1957. Exhibit B depicts a permanent in-

---

[1] Italicized portions were inserted by the amendment of 1953.

stallation insofar as trailer no. 1 is concerned. In our judgment the trailers have been permanently installed on and attached to the premises. The fact that at some indefinite date in the future the trailers may be removed from their "foundations" and their wheels reattached does not persuade us that at the time of the assessment and at the time of the hearing the trailers were not permanently attached to the land..

It is, of course, no objection to the validity of the assessment that title to two of the trailers involved was not in the owners of the land: Pennsylvania Co. for Insurance on Lives and Granting Annuities v. Bergson, 307 Pa. 44.

Directing our attention to the method of assessment, The Fourth to Eighth Class County Assessment Law, supra, provides that the chief assessor shall assess, rate and value all subjects and objects of local taxation according to the actual value thereof and that real property shall be assessed at a value based upon an established predetermined ratio not exceeding 75 percentum of its actual value or the price for which the same would separately bona fide sell. Actual value has been uniformly held to mean "market value": Washington County v. Marguis, 233 Pa. 552. Fair market value is the amount of money which a purchaser, willing but not obliged to buy, would pay to an owner, willing but not obliged to sell: Appeal of Pennsylvania Co. for Insurances on Lives and Granting Annuities, 282 Pa. 69.[2]

In the instant case the assessor informed himself of the market values of house trailers, ascertained the cost price, applied a factor for depreciation and arrived at a figure which in his opinion represented actual or market value. In a general way the same sys-

---

[2] See also In re Assessment of Real Estate, 60 Centre Square, Easton, supra.

tem was used to determine the cost of the miscellaneous installations such as the concrete floors or patios, the metal canopy and the three-wall addition to trailer no. 1. The accuracy of the assessor's results can be measured by a comparison of his figures with those of appellants' expert witness, Alfred B. Kramer, a dealer in house trailers, who has had a considerable experience in that field of endeavor.

| | ASSESSOR | KRAMER |
|---|---|---|
| Trailer No. 1 | $4100.00 | $4200.00 |
| Trailer No. 3 | 1700.00 | 1300.00 [3] |
| Trailer No. 4 | 4100.00 | 4000.00 |

Likewise, the valuations for the miscellaneous items such as the three-wall addition, canopy, concrete floors, etc., bear a favorable relation to those given in the testimony of Martin W. Coyle, one of appellants. For instance, the floor and canopy with respect to trailer no. 1 was appraised at $500. Mr. Coyle testified that the concrete floor was worth about $100, and the metal canopy about $390. or a total of $490.

Northampton County has adopted a 60 percent assessment ratio and that assessment was applied to the valuations fixed by the assessor. We cannot find any impropriety or illegality in this method of assessment. In our opinion it is exactly in accordance with the statutory law as construed by a long line of judicial decisions.

One other matter requires our attention. The value of the trailers reflects some equipment such as furniture, refrigerators, etc. At the hearing appellants failed to offer testimony of the value of these items. By stipulation of counsel the parties have submitted a schedule of the various items of personalty, together with their opinion of the valuation for such items.

---

[3] On cross-examination the witness testified that he sold trailer no. 3 in the summer of 1956 for $1,650 or $1,750.

|  | APPPELLANT | ASSESSOR |
|---|---|---|
| Sofa | $100.00 | $ 60.00 |
| Chair | 50.00 | 30.00 |
| Dinette Set | 125.00 | 55.00 |
| Stove | 125.00 | 100.00 |
| 12 cu. ft. Refrigerator | 325.00 | 200.00 |
| 2 Beds | 120.00 | 100.00 |
| Carpet | 178.00 | 50.00 to 80.00 |
| Axle, springs, frames, tires | 625.00 | 600.00 |

The last item, "axle, springs, frames, tires", is not readily understandable. There is no testimony that the axle, springs or frames have been removed from the trailers. Exhibit no. 1 shows the frame and springs attached to the trailer. The other items in the schedule are clearly personal property and should be excluded, in our opinion, from the valuation and assessment of the trailers. By the same token, however, the land evaluation of $200 is too low in view of the improvements which have been made to the land, namely, two cesspools, artesian well, utility poles, lead-ins, etc. The exclusion of the furniture and an increase in the valuation of the land would so nearly balance each other as to produce little, if any, change in the final result. We find the actual value of the premises in the instant case to be $11,500.

The testimony of the assessment by the chief county assessor established a prima facie case for the county: In re Assessment of Real Estate, 60 Centre Square, Easton, supra. The burden of proving the impropriety or illegality of the assessment was on appellants. An examination of the record shows that they failed to sustain their burden of proof and the appeal will be dismissed.

### Decree Nisi

And now, August 4, 1958, upon consideration of the foregoing appeal, it is ordered, adjudged and de-

creed that the appeal of Martin W. Coyle and Ruth Coyle from the assessment of property in the Township of Moore, Northampton County, made by the Board of Assessment and Revision of Taxes of the County of Northampton for the year 1957, be and the same is hereby denied and dismissed. The assessment of $6,900 is approved and sustained. The prothonotary is directed to enter the foregoing decree as a decree nisi and unless exceptions are filed thereto within 20 days to enter the same finally.