## Lantz Appeal.

Argued April 9, 1962.   Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Harry W. Gent, Jr.,* with him *Gent and Daniels,* for appellant.

*F. Earle Magee, Jr.,* County Solicitor, for County, appellee.

OPINION BY WOODSIDE, J., September 13, 1962:

The appellant, Floyd, H. Lantz, and his wife, own approximately 25 acres of land in Sandycreek Township, Venango County.   A motel, restaurant and a mo-

bilehome court for house trailers are located on the land. For the year 1959, the real estate assessment on the entire premises was $30,600. This included a valuation of $23,400 for 39 house trailers. The appellant, seeking reduction in the amount of assessment by eliminating the valuation placed on the trailers, appealed to the Board of Assessment and Revision of Taxes of Venango County. From the refusal of the board to reduce the assessment, he appealed to the Court of Common Pleas of Venango County which also dismissed his appeal. This appeal followed.

The evidence indicates that the appellant's mobilehome court had concrete tracks on which house trailers could be transported to any one of 45 parking places located next to a concrete patio, where there were attachments for electricity, gas, water and sewage. On January 1, 1959, there were 34 trailers on the lot, and on December 31, 1959, there were 40 trailers there. During the year 23 trailers left the court and 29 entered it. Approximately 12 had been there at least a year prior to January 1, 1959. The locations are leased at overnight, weekly and monthly rates. Only 4 of the trailers in the court during 1959 had their wheels removed. Nearly all the trailers were resting upon concrete blocks held in place by the weight of the trailer, and were attached to some or all of the above utilities. In about an hour, the trailers could be made ready for moving. Two or three of the trailers had rooms built on them.

The township imposed a tax on the use or occupancy of the house trailers here involved. This tax was authorized by the amendment of September 29, 1951, P. L. 1640, to the so-called "Tax Anything" Act of June 25, 1947, P. L. 1145, which permitted townships of the second class to levy such tax "on the use or occupancy of house trailers suitable for living quarters." (For present law on the subject see §2 of the Act of Septem-

ber 23, 1961, P. L. 1604; and the Act of September 23, 1961, P. L. 1606). This township use or occupancy tax was in addition to the tax levied against the trailers as real estate.

On February 3, 1959, the chief assessor valued the 39 house trailers then on the lot at $600 each. He had used a schedule of "a" trailers to be assessed at $700; "b" trailers at $500; and "c" trailers at $300, the classification being made by the assessor according to the size and condition of the trailers. He rated 25 trailers class a; 12 class b, and two class c. He then made an assessment of all 39 at $600 each, which was the approximate average value according to his classification.

The appellant contends that none of the house trailers located on his land is taxable as real estate, and even if they were taxable as such, the assessor used an illegal method in arriving at their value.

Section 201 of The Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, as amended by the Act of July 17, 1953, P. L. 464, provided that "The following subjects and property shall as hereinafter provided be valued and assessed and subject to taxation . . ., (a) All real estate, to wit: Houses, *house trailers permanently attached* to land, buildings, lands, lots of ground and ground rents, *trailer parks and parking lots,* . . . and all other real estate not exempt by law from taxation." The italicized words were added by the amendment of 1953. The above is the statutory provision as it existed in 1959, and is the provision which controls this appeal.

Section 201, 72 P.S. §5453.201, and other provisions of the above assessment law, were extensively amended to provide for the taxation of house trailers and mobilehomes by the Act of September 23, 1961, P. L. 1604. This amendment provides, inter alia, that "house trailers and mobilehomes permanently attached to land or connected with water, gas, electric or sewage facilities"

are assessable and taxable in the name of the owners of the trailers and mobilehomes. Of course, the amendment of 1961 does not control the assessments made in 1959.

There are no appellate court cases interpreting §201, as amended by the Act of 1953, supra, but whether trailers were taxable under the section prior to the 1953 amendment was considered by this Court in *Streyle v. Board of Property Assessment, Appeals and Review,* 173 Pa. Superior Ct. 324, 98 A. 2d 410 (1953). We held that the house trailers there in question, which were attached to utilities and to the land in substantially the same manner as those here in question, were not taxable as real estate. We said that "House trailers, so long as they remain mobile, i.e., equipped with wheels, are personal property in contemplation of The Vehicle Code." We held that whether trailers are real estate or chattels depends upon the intention of the parties. The intentions of the owners to consider the trailers to be chattels were determined there by the fact that the trailers were all titled under The Vehicle Code, and that at the time of assessment none had been there for more than four months, and that at the time of the hearing only five of the 21 trailers which had been assessed were still on the land.

The legislature can change the usually accepted definition of real estate and can designate the subjects to be assessed and taxed as real estate within certain constitutional limitations. This is what the legislature did by the above amendment of 1953, when it classified "house trailers permanently attached to land" as real estate for assessment and tax purposes. This provision clearly shows that the legislature intended to classify some, but not all, house trailers as real estate.

The test of whether a house trailer was to be assessed as real estate was not whether it was "suitable for living quarters," as provided in the Amendment of

1951 to the "Tax Anything" Act of 1947, supra, nor was it whether it was "connected with water, gas, electric or sewage facilities" as provided in the Act of 1961, supra. The test was whether it was "permanently attached to land." Whether a chattel, which a house trailer is for some purposes,[1] is "attached to land" is governed by both the physical facts and the intention of the owner. Whether it is "permanently" attached is primarily a matter of intent. As pointed out by Judge Woodring in *Coyle Assessment*, 17 Pa. D. & C. 2d 149, 152 (1958), upon which the appellee relies, this intent can not be determined from the self-serving statements of the parties in interest, but is a question to be determined from all the facts and circumstances. The statements of the parties relative to their intentions are relevant, but they are not controlling. The trailers assessed in the *Coyle* case had been at one place for three years. The court quite properly ignored the expressed intention of the owners, and held that they were in fact "permanently attached to land," and taxable as real estate.

Whether a trailer is "permanently attached to land" depends upon the intention of the owners determined from all the circumstances. The case must be returned to the court below for this determination.

The statutory expression must be given a practical meaning in the light of the purpose of the act. In a sense the assessment is for the purpose of the imposition of a tax for a service offered or rendered during the year in question. A real estate tax is generally not intended to apply to that which is temporary or transient. There is authority for concluding that a trailer with its wheels attached remaining on a lot for less than four months is temporarily on the lot.

---

[1] House trailers are made subject to the provision of the Selective Sales and Use Tax Act, and The Vehicle Code.

As a guide for the court below when this case is returned, we might suggest that, in the light of the purpose of the assessment, it would not be unreasonable to apply as a rule of thumb an assumption that those trailers on the lot more than six months in 1959 should be considered permanently attached to the land and that those there less than six months should not be so considered. We hasten to add, however, that the test cannot depend alone on the time the trailers are on the lot, but must be made on the basis of all the circumstances. No single fact, to the exclusion of all other relevant circumstances, can be used to determine the issue.

The appellant complains of the method used by the assessor to determine the amount of assessment placed on the trailers. The appellant presented no evidence of the value of the trailers which were assessed or that the assessment was too high. He has not indicated any way in which he was harmed by the valuation used. The amount of assessments is presumed to be correct.

Order of court below dismissing the appeal is reversed, and the case is remanded for the determination of an assessment in accordance with the principles set forth in this opinion. Each party to pay its own costs.