## Central Counties Bank v. Moyer

*H. Amos Goodall, Jr.,* of *Dunaway, Weyandt, McCormick & Jones,* for plaintiff.

*Michael Bresnahan,* of *Keystone Legal Services,* for defendants.

CAMPBELL, *P.J.,* November 16, 1977 — Defendants have petitioned to strike off a judgment against them. The basic facts are not in dispute. On July 17, 1975, defendants purchased a trailer under a Pennsylvania motor vehicle installment sale contract. After making the down payment they financed the sum of $4,999 by the granting of a security interest thereon. The vendor of the trailer assigned the contract to plaintiff-bank. Defendants defaulted in making the monthly payments and on August 1, 1977, plaintiff-bank filed a complaint demanding judgment for possession of the mobile home in accordance with the terms of its contract. Defendants failed to file an answer and plaintiff took judgment by default and filed a praecipe for writ of possession. On September 12, 1977, defendants petitioned to stay the execution of said writ, followed by a petition to strike off the judgment for the reason that plaintiff had not complied with the provisions of the Act of January 30, 1974, P.L. 13, 41 P.S. §101 et seq., regulating the maximum lawful interest rate on residential mortgages, particularly sections 401 and 403. Plaintiff contends that said act is not applicable. There is, therefore, before us the limited issue of whether or not the residential mortgage interest rate act governs the instant transaction.

When the trailer was sold it was unoccupied and fully capable of locomotion. After its purchase and

the bank's security interest attached, it was moved some distance to a rented lot in a mobile home park. Defendants did not own the land to which the trailer was moved. The wheels were removed; water, sewage, gas, electric and cable t.v. lines were connected and a partial skirting was affixed. It was located on a pad, but not on a concrete wall foundation that would normally support a residential home.

We believe under the facts and circumstances of this case that the trailer did not become real estate to which the limitations on residential mortgage interest rates attach. We have reviewed the Act of January 30, 1974, P.L. 13, and are convinced that it has no applicability to the transaction involved in this litigation.

Under normal circumstances, whether a trailer is permanently attached to land depends upon the intention of the owner determined from all circumstances: Lantz Appeal, 199 Pa. Superior Ct. 310, 184 A. 2d 127 (1962).

We do not believe any analogy can be drawn with the assessment laws which are basically controlled by statutory provisions. It would indeed create an impossible situation if a person bought basically a motor vehicle, a motor home, under a Pennsylvania motor vehicle installment sale contract and then were allowed to place it on a piece of land which he did not own and, thereby convert the same to real estate to the prejudice of a chattel security interest.

It has been held that if one intentionally fixes his own chattel to the land of another it is, in legal effect, a gift of it to the owner of the land. We cannot imagine that the owner of the mobile home had such intention: Stelmach v. Warren, 13 Lebanon 265 (1971).

We have reviewed the Act of January 30, 1974, P.L. 13, in detail and are convinced that it applies only to residential mortgages on real estate. We therefore enter the following

### ORDER

And now, November 16, 1977, defendants' petition to strike plaintiff's judgment is refused and the stay of execution granted by this court removed.