Michael GELORMINO and Jeanne Gelormino, husband and wife, Appellants

v.

The BOARD OF ASSESSMENT APPEALS OF ARMSTRONG COUNTY.

Commonwealth Court of Pennsylvania.

Argued Oct. 13, 2009.

Decided Dec. 15, 2009.

Michael J. Supinka, Indiana, for appellants.

Chase G. McClister, Kittanning, for appellee.

BEFORE: COHN JUBELIRER, Judge, and LEAVITT, Judge, and QUIGLEY, Senior Judge.

OPINION BY Senior Judge QUIGLEY.

Michael and Jeanne Gelormino (Gelorminos) appeal from the Trial Court's November 17, 2008 Order, which denied the Gelorminos' appeal from the determination of the Board of Assessment Appeals of Armstrong County (Board) that their mobile home is taxable as realty. We affirm.

The Gelorminos purchased a 2006 Canterbury, Park Model, mobile home in the spring of 2007 and obtained an oversized transportation permit to have the mobile home hauled to a campground along the Allegheny River in May of 2007.[1] The Gelorminos had leased a lot at the campground for four years, and, prior to purchasing the 2006 mobile home, the Gelorminos had a 2002 mobile home on the campground lot.

The 2006 mobile home is thirty-seven feet long and eleven feet wide with 399 square feet of living space. It rests on its six wheels, supported by several concrete blocks that keep it level. The Gelorminos had a concrete pad poured on the river side of the mobile home, creating an eight-foot long by thirty-foot wide porch. They covered the porch with a shingle roof that sits on four fluted columns bolted to the porch and that is attached to the body of the mobile home. The Gelorminos also

---

1. When the Gelorminos purchased the mobile home, they received a certificate of title for a motor vehicle, registered the mobile home as a motor vehicle and insured the mobile home as a motor vehicle.

built wooden steps from the porch to the front door of the mobile home, did some landscaping around the porch and installed outdoor lights.

The mobile home receives electricity from a plug located on the Gelorminos' campsite, and the Gelorminos have their own electric meter. Sewage from the mobile home flows into a holding tank, and, for colder weather, the Gelorminos have a furnace fueled by propane. The Gelorminos receive satellite television service from a satellite dish. The Gelorminos do not have mail delivery at the campsite.

The Gelorminos use the mobile home every other weekend in the summer and close it in the fall. To prepare for winter, they disconnect the water hose from the faucet and have the electric company turn off the electricity. The mobile home is not winterized, and no water is available in the winter.

The Armstrong County Tax Assessment Office notified the Gelorminos that it was imposing a real estate tax on the Gelorminos' mobile home for the 2007 tax year. The Gelorminos appealed to the Board, which affirmed. The Gelorminos then filed an appeal with the Trial Court, which found that the mobile home was permanently attached to the land and, thus, was taxable as realty. The Gelorminos now appeal to this Court.[2]

The Gelorminos argue that the Trial Court erred when it found that the mobile home was permanently attached to the land and, thus, was taxable as realty. We disagree.

Section 201(a) of The Fourth to Eighth Class County Assessment Law (Law)[3] permits the taxation of "All real estate, to wit ... mobilehomes permanently attached to land or connected with water, gas, electric or sewage facilities...."[4] In the case of In re Real Estate of Sandycreek Township, 199 Pa.Super. 310, 184 A.2d 127 (1962) (Lantz Appeal), our superior court stated that whether a mobile home is attached to the land is governed by the physical facts, and whether a mobile home is **permanently** attached to land is primarily a matter of intent. However, the self-serving statements of the owners are not controlling; the intention of the owners must be determined from all the circumstances. Id.

Here, the Gelorminos' mobile home is attached to the land by the concrete porch and shingled roof. The addition of vegetation, outdoor lights, utilities and satellite television service indicate that the Gelorminos intend to use the mobile home as a permanent, and taxable, seasonal residence, not as a travel trailer. If the Gelorminos had shown that they intended to move the mobile home periodically for purposes of use in another location or perhaps a return to other quarters for storage, maintenance or winterization, the Gelorminos would have established facts indicative, perhaps determinative, of a travel trailer. However, in this case, the Gelorminos have placed their unit in one location, with indi-

2. Our scope of review is limited to determining whether the Trial Court abused its discretion, committed an error of law or made findings of fact unsupported by substantial evidence. Kmart Corporation v. Washington County Board of Assessment Appeals, 950 A.2d 1089 (Pa.Cmwlth.2008).

3. Act of May 21, 1943, P.L. 571, as amended, 72 P.S. § 5453.201(a).

4. Section 201(a) of the Law would seem to indicate that a mobile home's attachment to utilities would end the case. However, here, the Gelorminos' mobile home was attached to utilities for only part of the year. Thus, its attachment to utilities is not dispositive.

cia of permanency. Indeed, the added exterior features suggest that the Gelorminos intend for the mobile home to remain at the campground for an extended period of time, either until the unit is replaced or is removed permanently. This is a scenario indicative of properly taxed real estate.[5]

Accordingly, we affirm.

### *ORDER*

AND NOW, this 15th day of December, 2009, the order of the Court of Common Pleas of Armstrong County dated November 17, 2008, hereby is affirmed.

---

[5]. Gelormino asserts that, in two other recent cases, the Trial Court ruled that mobile homes the same size as theirs were not permanently attached to the land and, thus, were not taxable as realty. However, even if the facts were identical in those other cases, the opinions of the courts of common pleas are not binding on this Court. *Synoski v. Hazle Township*, 93 Pa.Cmwlth. 168, 500 A.2d 1282 (1985).