**Keith LAZOR and Valeri Lazor, husband and wife, Appellants**

v.

**BOARD OF ASSESSMENT APPEALS OF ARMSTRONG COUNTY.**

Commonwealth Court of Pennsylvania.

Argued Oct. 13, 2009.

Decided Dec. 15, 2009.

Michael J. Supinka, Indiana, for appellants.

Chase G. McClister, Kittanning, for appellee.

BEFORE: COHN JUBELIRER, Judge, LEAVITT, Judge, and QUIGLEY, Senior Judge.

OPINION BY Senior Judge QUIGLEY.

Keith Lazor and Valeri Lazor (Lazors) appeal from the Trial Court's November 17, 2008 Order, which denied the Lazors' appeal from the determination of the Board of Assessment Appeals of Armstrong County (Board) that their mobile home is taxable as realty. We affirm.

The Lazors purchased a 2006 Canterbury mobile home, which was delivered in 2006 to a campground in Mosgrove, Rayburn Township.[1] The new mobile home sits on a lot that the Lazors have leased for approximately the last five years.

The current mobile home is thirty-five feet long and eleven feet wide with 399 square feet of living space, including lofts on the second floor. It rests on its wheels and several concrete blocks. The Lazors have poured a large concrete pad for a porch, which extends along the entire back length of the mobile home. The porch is covered by a roof that is attached to the mobile home and is supported by four posts bolted to the concrete pad. There is also a concrete pad on one side of the home on which the Lazors have a large shed. This concrete pad extends in front of the shed as a sidewalk. Concrete steps lead to the porch on each end of the mobile home and up to the two doors of the mobile home.

The area around the mobile home has been landscaped with shrubs, trees, bricks and a decorative lighthouse. The mobile home receives electricity though a heavy duty electrical outlet provided by the campground. The mobile home is heated with two outside propane tanks, and water is supplied through a hose attached to a nearby water faucet.

The Lazors have a seasonal cable television package with Comcast. The mobile home does not have a land telephone line, and the mobile home does not have a mailing address. The mobile home is used by the Lazors during the summer months, and in the winter the utilities are disconnected because the trailer is not winterized and water is not available. Mrs. Lazor stated that they may move the mobile home to Florida or Potter County in a year or two.

The Armstrong County Tax Assessment Office notified the Lazors that it was imposing a real estate tax on the Lazors' mobile home for the 2007 tax year. The Lazors appealed to the Board, which affirmed. The Lazors appealed to the Trial

---

1. When the Lazors purchased the mobile home, they received a certificate of title for a motor vehicle, registered the mobile home as a motor vehicle and insured the mobile home as a motor vehicle.

Court, which found that the Lazors' mobile home was permanently attached to the land and taxable as realty. The Lazors now appeal to this Court.[2]

■ The Lazors argue that the Trial Court erred when it found the trailer was permanently attached to the land and taxable as realty. We disagree.

■ Section 201(a) of The Fourth to Eighth Class County Assessment Law (Law)[3] permits the taxation of "All real estate, to wit ... mobile homes permanently attached to land or connected with water, gas, electric or sewage facilities...."[4] In the case of *In re Real Estate of Sandycreek Township*, 199 Pa.Super. 310, 184 A.2d 127 (1962) *(Lantz Appeal)*, our Superior Court stated that whether a mobile home is attached to the land is governed by the physical facts, and whether a mobile home is **permanently** attached to land is primarily a matter of intent. However, the self-serving statements of the owners are not controlling; the intention of the owners must be determined from all the circumstances. *Id.*

In this case, the mobile home is attached to the land by the concrete porch and roof. The addition of exterior features such as concrete steps leading to the porch, landscaping with shrubs and bricks, and cable television service all indicate the intent of the Lazors to use the mobile home as a permanent, and taxable, seasonal residence, as opposed to a travel trailer. The Lazors' stated intent to move the mobile home to Florida or Potter County in one or two years does not negate their intent to leave the mobile home permanently attached to the land for the 2007 tax year.

If the Lazors had shown that they intended to move the mobile home periodically for purposes of use in another location or perhaps a return to other quarters for storage, maintenance or winterization, the Lazors would have established facts indicative, perhaps determinative, of a travel trailer. However, in this case, the Lazors have placed their unit in one location, with indicia of permanency. Indeed, the added exterior features suggest that the Lazors intend for the mobile home to remain at the campground for an extended period of time, either until the unit is replaced or is removed permanently in one or two years. This is a scenario indicative of properly taxed real estate. In this case, based upon the totality of the circumstances, the Trial Court correctly found that the Lazors' mobile home was permanently attached to the land.

Accordingly, we affirm.

### ORDER

AND NOW, this 15th day of December, 2009, the order of the Court of Common Pleas of Armstrong County dated November 17, 2008, hereby is affirmed.

---

2. Our scope of review is limited to determining whether the Trial Court abused its discretion, committed an error of law or made findings of fact unsupported by substantial evidence. *Kmart Corporation v. Washington County Board of Assessment Appeals*, 950 A.2d 1089 (Pa.Cmwlth.2008).

3. Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. § 5453.201(a).

4. Section 201(a) of the Law would seem to indicate that a mobile home's attachment to utilities would end the case. However, here, the Lazors' mobile home was attached to utilities for only part of the year. Thus, its attachment to utilities is not dispositive.