**John PEDERSEN, Appellant**

v.

**MONROE COUNTY BOARD OF ASSESSMENT APPEALS.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 2013.

Decided Jan. 14, 2014.

the School District.

Scott M. Amori, Stroudsburg, for appellant.

Jeffrey A. Durney, Tannersville, for appellee.

BEFORE: LEADBETTER, Judge, COHN JUBELIRER, Judge, and COVEY, Judge.

OPINION BY Judge LEADBETTER.

John Pedersen appeals from the order of the Court of Common Pleas of Monroe County (common pleas or trial court), denying his real estate tax assessment appeal, thereby affirming the Monroe County Board of Assessment Appeals' (Board) determination that Pedersen's storage shed was taxable under The Consolidated County Assessment Law (Assessment Law), 53 Pa.C.S. §§ 8801—8868. After review, we reverse and remand for further proceedings consistent with this opinion.

Pedersen owns a small home, approximately 1300 square feet in size, in Stroud Township, Monroe County. In order to increase his storage space, Pedersen applied for a zoning permit in 2012 to place a shed measuring 10 feet by 20 feet on his property. Thereafter, a prefabricated shed with a garage-style rolling door and wooden floor was delivered to his property on a roll back truck. The shed was placed on support beams sitting on a bed of stones. The shed lacks windows, heat, electricity, and plumbing. Aesthetically, the shed matches the exterior of Pedersen's home. The shed is not physically affixed to the ground in any manner and can be moved to another location in the same manner in which it was delivered. Subsequent to placement of the shed, the Monroe County Assessment Office increased the fair market value of Pedersen's property by $2040, rendering a total market value of $88,498.[1] Pedersen appealed the increased assessment and the Board denied relief. Common pleas affirmed on appeal. In doing so, the trial court applied the analysis adopted by this court in other cases to determine whether chattel used in connection with real estate

---

1. Hearing testimony established that the Assessment Office had a policy of assessing all sheds that were 10 feet by 10 feet or larger. The Assessment Office also increased the market value of Pedersen's property by a small amount because his property was enclosed by a chain link fence; that increase is not at issue in this appeal.

can be considered to be part of the realty for purposes of assessment. In concluding that the shed was taxable, the trial court placed primary emphasis on Pedersen's site preparation (installation of a rock bed, which served no other purpose than to situate the shed and would require some effort to remove) and the finding that Pedersen intended to use the shed for needed additional storage for an indefinite period of time. This appeal followed.

Before addressing the argument raised on appeal, we note that Section 8811(a) of the Assessment Law provides, in pertinent part:

(a) **Subjects of taxation enumerated.**—Except as provided in subsection (b), all subjects and property made taxable by the laws of this Commonwealth for county, city, borough, town, township and school district purposes shall, as provided in this chapter, be valued and assessed at the annual rates, including all:

(1) Real estate, namely:

(i) houses;

(ii) house trailers and mobile homes permanently attached to land or connected with water, gas, electric or sewage facilities;

(iii) *buildings permanently attached to the land or connected with water, gas, electric or sewage facilities;*

(iv) lands, lots of ground and ground rents, trailer parks and parking lots;

. . . .

(viii) telecommunication towers that have become affixed to land;

(2) All other things now taxable by the laws of this Commonwealth for taxing districts.

53 Pa.C.S. § 8811(a) (emphasis added).[2]

■ On appeal, Pedersen first simply contends that his shed cannot be taxed under the plain language of Section 8811 because it is not permanently attached to the land nor connected to water, gas, electric or sewage facilities. Pedersen also engages in a lengthy discussion of the factors/analysis employed by the trial court in this matter as well as our appellate courts when determining whether chattels or fixtures used in connection with the land are assessable as realty under other tax provisions. Unlike the circumstances here, in which the item subject to tax is expressly addressed in the statutory provision, the analysis applied by common pleas has generally been employed when the fixture or chattel at issue has not been specifically identified as "real estate" for assessment purposes. That analysis provides:

[Chattels used in connection with real estate include those] which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chat-

---

**2.** Prior to enactment of the Assessment Law, Monroe County was governed by The Fourth to Eighth Class County Assessment Law, Act of May 21, 1942, P.L. 571, *as amended*, 72 P.S. §§ 5453.101–5453.706, repealed by the Act of October 27, 2010, P.L. 895. That statutory scheme provided, in pertinent part, that the following shall be valued, assessed and subject to taxation: "(a) All real estate, to wit:

Houses, house trailers and [mobile homes] permanently attached to land or connected with water, gas, electric or sewage facilities, *buildings*, lands, lots of ground and ground rents, trailer parks and parking lots ... and all other real estate not exempt by law from taxation. . . ." Section 201(a), 72 P.S. § 5453.201(a) (emphasis added) (repealed).

tels as boilers and machinery affixed for the use of an owner or tenant but readily removable. . . .

In addressing whether chattel or an article of property becomes so affixed to the land that it becomes part of the real estate, we [have] stated that . . . [a] fixture is an article in the nature of personal property which has been so annexed to the realty that it is regarded as part and parcel of the land. The considerations to be made in determining whether a chattel [is so affixed to the land that it becomes a part of the real estate] include (1) the manner in which it is physically attached or installed, (2) the extent to which it is essential to the permanent use of the building or other improvement, and (3) the intention of the parties who attached or installed it.

*In re Sheetz, Inc.,* 657 A.2d 1011, 1013 (Pa.Cmwlth.1995) (citations, quotations and emphasis omitted) (addressing whether canopies over gasoline pumps fell within the category of "all other real estate" taxable under former Fourth to Eighth Class County Assessment Law).[3] *See also Custer v. Bedford Cnty. Bd. of Assessment & Revision of Taxes,* 910 A.2d 113 (Pa. Cmwlth.2006) (addressing whether a greenhouse is taxable as real estate under former Fourth to Eighth Class County Assessment Law).[4]

However, because the shed at issue here falls within a category of items expressly addressed by the statutory language, the *Sheetz* analysis, which has routinely been used to categorize items which have not been expressly so addressed for tax assessment purposes, is largely irrelevant.[5] Here, there is no question that the storage shed constitutes a "building" for purposes of Section 8811(a)(1)(iii) of the Assessment Law.[6] The only issue is whether the shed is permanently attached to the land, subjecting it to assessment and taxation.

In *Lazor v. Board of Assessment Appeals of Armstrong County,* 986 A.2d 219 (Pa.Cmwlth.2009), this court addressed language similar to Section 8811(a)(1)(iii) of the Assessment Law in the former Fourth to Eighth Class County Assessment Law, which subjected real estate, including "mobile homes permanently attached to land or connected with water, gas, electric or sewage facilities" to assessment and taxation. We noted that "whether a mobile home is *attached* to the land is governed by the physical facts, and whether a mobile home is *permanently* attached

---

3. The court in *Sheetz* noted that chattels used in connection with real estate have been categorized into three classes. Because it is clear that the storage shed does not fall within the two other classes of chattel discussed in *Sheetz,* the analysis pertaining to those two classes has been omitted.

4. Notably, the court in *Custer* did not address whether the greenhouse constituted a "building" for purposes of assessment under former Section 201(a), 72 P.S. § 5453.201(a) (*see* footnote 2 above).

5. Cases discussing the last factor addressed in *Sheetz,* the intent of the parties, may be relevant, however, in determining the permanency of a building's attachment.

6. Undefined and nontechnical words in a statute are construed according to their common and approved usage. 1 Pa.C.S. § 1903(a). Webster's Third New International Dictionary at 292 (1993) defines a building, in pertinent part, as:

> [A] constructed edifice designed to stand more or less permanently, covering a space of land, [usually] covered by a roof and more or less completely enclosed by walls, and serving as a dwelling, storehouse, factory, shelter for animals, or other useful structure—distinguished from structures not designed for occupancy (as fences or monuments) and from structures not intended for use in one place (as boats or trailers) even though subject to occupancy.

is primarily a matter of intent." *Id.* at 221 (emphasis added) [citing *In re Real Estate in Sandycreek Twp., Venango Cnty.,* 199 Pa.Super. 310, 184 A.2d 127, 129 (1962)]. Moreover, in determining intent, we held that self-serving statements of property owners are not controlling; intent must be determined from a consideration of all of the circumstances. *Id.*

▉ While the term "attached" is not defined by the Assessment Law, we construe the term to require more than mere placement of a structure on the ground, leaving it held in place by weight alone. Webster's Third New International Dictionary at 140 (1993) defines "attach" in pertinent part as: "make fast or join (as by string or glue): BIND, FASTEN, TIE...." Thus, the common and approved usage of the word connotes a more affirmative or substantial connection, requiring connection methods such as fastening or affixing the building to the land.[7] To reach any other conclusion regarding the express requirement for "permanent attach[ment]" would render the General Assembly's change in statutory language meaningless. The former statutory scheme did not differentiate among buildings constituting real estate for purposes of taxation. *See* footnote 2 quoting Section 201(a) of The Fourth to Eighth Class County Assessment Law (repealed). However, the current Assessment Act expressly narrows the class of buildings taxable as real estate, that is, only those buildings, which are permanently attached to the land or connected with water, gas, electric or sewage facilities, are taxable. It is well settled that a change in statutory language generally demonstrates a change in legislative intent. *Twp. of O'Hara v. Condemnation of a Permanent Fee Simple Interest,* 910 A.2d 166, 171 (Pa.Cmwlth. 2006). *See also In re Real Estate in Sandycreek Twp., Venango Cnty.,* 199 Pa.Super. 310, 184 A.2d 127, 129 (1962) (holding that amendment classifying "house trailers permanently attached to land" as real estate for assessment and tax purposes demonstrates that legislature intended to classify some but not all house trailers as real estate). Here, while the credited evidence demonstrated that Pedersen intended the shed to remain in place indefinitely, the

---

**7.** In *Sheetz,* 657 A.2d at 1013–14 (where the statutory language at issue here was absent) the court, addressing the manner in which canopies over gasoline pumps are attached to the land for purposes of determining whether they are properly taxed as "all other real estate subject to taxation," stated:

As to the first consideration-the manner in which the article is installed-while a canopy can be removed with little damage to the real property requiring only removal of the concrete and bolts, to "unaffix" the canopy, significant effort is required to disassemble it into its component parts yet leaving the poured concrete foundation in place. Even if the canopies could be removed with no damage or little effort [it] would not necessarily mean that they were not taxable as real estate. Modern construction methods and types of structures allow material that stays for years on a piece of property to be moved with little damage to the property. Acoustic ceiling panels "affixed" by gravity and removable with no damage to the property are nonetheless taxable as real estate as are door handles and kitchen faucets when attached to a structure. In *Streyle v. Board of Property Assessment,* [98 A.2d 410 (Pa.Super.1953)], the Superior Court examined whether a trailer home was realty or personalty. The Superior Court said that "[h]ouse trailers, so long as they remain mobile, i.e., equipped with wheels, are personal property ... and not subject to taxation as real estate." *Id.* at [412]. If a house trailer can be taxable as real estate when its wheels are removed, even though it can be moved by replacing the wheels with no damage to the real estate, a canopy affixed by bolts to a specially poured concrete foundation and then covered by concrete is substantially affixed to the land. [Footnote omitted].

evidence of record fails to establish that the shed was attached in a manner sufficient to render it assessable under the Law.

### ORDER

AND NOW, this 14th day of January, 2014, the order of the Court of Common Pleas of Monroe County is REVERSED and the matter is REMANDED to common pleas for further proceedings as may be necessary to correct Appellant's assessment in accordance with the foregoing opinion.