City of Pittsburgh, a municipal corporation, Appellant *v.* Board of Property Assessment, Appeals and Review of the County of Allegheny and Allegheny General Hospital, Appellees.

Argued December 7, 1979, before Judges CRUMLISH, JR., MENCER and MACPHAIL, sitting as a panel of three.

*D. R. Pellegrini,* Deputy City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellant.

*John M. Silvestri,* Assistant Counsel, with him *William J. Fahey,* General Counsel, for Board of Property and Assessment, appellee.

*G. Harold Blaxter,* with him *Thomas J. Miller,* of *Blaxter, O'Neill, Houston & Nash,* for Allegheny General Hospital, intervenor.

OPINION BY JUDGE MACPHAIL, March 11, 1980:

In this case, the City of Pittsburgh (City) has appealed from an order of the Court of Common Pleas of Allegheny County affirming the decision of the Board of Property Assessment, Appeals and Review (Board) which granted Allegheny General Hospital (Hospital) an exemption from taxes for certain property located at 124 East North Avenue in the City of Pittsburgh. The subject property currently is being used for the administrative offices of the Northwest Allegheny Home Care Program (Northwest), which is being operated by six participating hospitals, including Allegheny General Hospital. Such use of the property had been approved in 1974 by the Zoning Board of Adjustment of Pittsburgh as a special exception for a "community service institution or facility." However, the Court of Common Pleas of Allegheny County reversed the Zoning Board's decision, holding that the proposed use did not fit within the definition of "community service institution or facility" and thus violated the City zoning ordinance. Though Northwest and Allegheny took no appeal from the order, they continued using the property for administrative offices.

On October 23, 1975, the Board approved the Hospital's application for exemption of the subject prop-

erty from taxation. The City of Pittsburgh appealed that decision to the Court of Common Pleas, which upheld the grant of the exemption and dismissed the appeal. Within its appeal to the court below and to us, the City did not dispute the charitable nature of the Hospital or the charitable purposes for which the property was and is being used. The sole issue presented by the City on appeal to both courts is whether or not the subject property's lack of conformance with the local zoning restrictions renders the property taxable.

The City argues that the property has to be *legally* used for an exempt purpose in order to be tax exempt. It claims that the Hospital's use of the property is not legal under the City's zoning ordinance and, therefore, the Hospital is not entitled to a real property tax exemption.

The Hospital contends, on the contrary, that determination of tax exempt status of real property depends not upon compliance with local zoning regulations, but solely upon the actual use of the property.

The authority to exempt property from taxation is derived from Article VIII of the Pennsylvania State Constitution which provides in part:

> The General Assembly may by law exempt from taxation:
>
> (v) Institutions of purely public charity, but in the case of any real property tax exemptions only that portion of real property of such institution which is actually and regularly used for the purposes of the institution.

Pa. Const. art. VIII, §2(a)(v).

The General Assembly subsequently enacted the General County Assessment Law which specifically exempts real property owned by hospitals and used in the furtherance of their public purposes as follows:

The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

    (c)    All hospitals . . . with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed, and maintained by public or private charity. . . .

Section 204(c) of The General County Assessment Law, Act of May 22, 1933, P.L. 853, art. II, §204, *as amended*, 72 P.S. §5020-204(c).

The City does not claim that the Hospital has failed to bring itself within the above statute, and thus this Court will not address the issue of the Hospital's charitable nature. The City rightly deduces that under the General County Assessment Law, entitlement to exemption is determined by the particular use of the property. The City is incorrect, however, in its contention that if the particular use of the property is not within the bounds of the applicable zoning regulations, it cannot be tax exempt. The sole requirement for tax exemption of a charity's property is that the actual, present use be in conformity with the purposes of the charitable institution. In *Wayne County Board of Assessment v. Federation of Jewish Philanthropies*, 43 Pa. Commonwealth Ct. 508, 514, 403 A.2d 613, 617 (1979), this Court held that "whether a charity's land is eligible for tax exemption depends on whether the land is actually used for the charity's purposes."

The City's argument that property has to be *legally* used for an exempt purpose finds no support in prior decisions of any of our appellate courts. The City's reliance upon the holdings in *University of Pittsburgh Tax Exemption Case*, 407 Pa. 416, 180 A.2d 760 (1962), *Board of Revision of Taxes of Philadelphia v. United Fund of Philadelphia Area*, 11 Pa. Commonwealth Ct. 201, 314 A.2d 530 (1973), and

*Christian Literature Crusade, Inc. v. Board for the Assessment and Revision of Taxes of Montgomery County,* 17 Pa. Commonwealth Ct. 63, 328 A.2d 896 (1974), is simply misplaced. Nothing said in any of those cases is authority for the City's argument that a property must be *legally* used for an exempt purpose before it will qualify for a tax exemption. The City has also relied upon the decision of *Faith Theological Seminary v. Montgomery County,* 78 Montg. 10 (1961), where that court held that the legality of use does affect the exempt status. There, the court held "[h]owever charitable the use of real estate may be, if the use is not lawful, such real estate is not entitled to exemption from taxation." 78 Montg. at 13. We hold that decision to be in error.

When the present actual use of a property is regarded as contributing to the public benefit or public good, as it is in the Hospital's case, such property owners are to be encouraged by being exempted from paying real estate taxes. This quid pro quo philosophy underlying the constitutional and legislative grant of exemption was explained in *Young Men's Christian Association of Germantown v. Philadelphia,* 323 Pa. 401, 413, 187 A. 204, 210 (1936), as follows:

> Any institution which by its charitable activities relieves the government of part of this burden [of proving public services] is conferring a pecuniary benefit upon the body politic, and in receiving exemption from taxation it is merely being given a 'quid pro quo' for its services in providing something which otherwise the government would have to provide.

Despite its improper location in the city, the Hospital is not profiting from any wrongdoing; for in return for its exempt status, the Hospital is conferring benefits upon the community. The Hospital's failure to conform to the zoning regulations does not affect

its ability to provide charitable services to the community. The City has accepted those services; now it must provide the exemption. Furthermore, violations of zoning regulations can and should be remedied in ways other than the denial of tax exemptions.

Accordingly, the decision of the lower court which granted the exemption is affirmed.

### ORDER

AND Now, this 11th day of March, 1980, the order of the Court of Common Pleas of Allegheny County, dated April 6, 1979, is hereby affirmed.

President Judge BOWMAN did not participate in the decision in this case.

Judge DISALLE did not participate in the decision in this case.