## Dickinson College v. Cumberland County Board of Assessment Appeals

*John B. Fowler,* for petitioner.
*William C. Costopoulos,* for defendant.
*J. Wesley Oler Jr.,* for intervenor Carlisle borough
*James D. Flower,* for intervenor Carlisle Area School District

BAYLEY, *J.,* March 31, 1987 — Dickinson College, a nonprofit corporation and private four-year undergraduate educational institution, has filed an appeal from a decision of the Cumberland County Board of Assessment and Revision of Taxes denying its request for exemptions from taxes for 13 properties it owns in the borough of Carlisle.[1] Nine of the properties are utilized as student residences, one for an academic office, one for an administrative office, one for the storage of ground maintenance equipment and supplies and one as a parking lot.

Dickinson College operates its residential campus in the borough utilizing many types of buildings in-

---

1. Appeals to this court from an order of the board are authorized at 72 Pa.C.S. §5453.704(a).

cluding classrooms, residential dormitories, a library, an athletic center, a student union, etc. The college currently has 1910 enrolled students with all but 30 being full-time. Tuition is $10,200 per academic year, board $1,470 and room $1,530. Students pay an additional activity fee assessed by the student government and must purchase their own books and incidentals.

Dickinson College has a blind admissions program which means that they admit students only on the basis of merit. They have a diverse socioeconomic student body. For the last complete fiscal year of 1985-86, the college received total revenues from all sources of $30,515,000 which included student fees, endowment investment income, gifts, grants, reserves and miscellaneous income.[2] Of that figure a total of $22,551,000 was paid by students for tuition, room and board. The fiscal year ended with an approximate $600,000 income surplus.

The college awarded nonrepayable grants to its students in the amount of $3,069,000 solely on the basis of financial need. It provides free education to those children of faculty and staff in attendance and provides other assistance to its students in the form of loans, employment and restricted financial aid. The college receives some restricted grants from the federal government for research, the arts, library acquisitions, the maintenance of government periodicals, etc., and a grant from the commonwealth of Pennsylvania based on the number of its students who are residents of Pennsylvania. Financial aid provided by the college to its students amounted to 10.11 percent of total expenditures.

2. All figures used in these findings of fact are for fiscal year 1985-86.

The college pays its faculty and staff salaries but the members of its board of trustees are not paid.

Carlisle has a zoning ordinance which was enacted in 1976 and amended thereafter. One of the college's properties is located in an industrial zone, one in a commercial zone, three in an institutional zone, four in a R-2 residential zone and four in a R-4 residential zone. All of the properties are utilized by the college as part of the physical plant necessary to conduct its sole function as an undergraduate educational institution.

## DISCUSSION

A hearing has been held on the college's appeal from the denial of the requested exemptions from real estate taxes by the board of assessment and revision of taxes. The borough and the Carlisle Area School District have intervened. Dickinson College maintains that the 13 subject properties are entitled to an exemption under the Constitution and laws of the commonwealth of Pennsylvania. The Constitution at Article VIII, section 2(a)(v) provides that "[t]he General Assembly may by law exempt from taxation . . . institutions of purely public charity." The Legislature has provided in the General County Assessment Law of May 22, 1933, P.L. 853, §204, as amended, 72 P.S. §5020-204(a)(3) (1986 Supp.):

"The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit: . . . *[a]ll* hospitals, universities, *colleges,* seminaries, academies, associations and institutions *of learning, benevolence, or charity,* including fire and rescue stations, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, *founded, endowed, and maintained by public or private charity: provided*

*that the entire revenue derived from the same be applied to the support and to increase the efficiency and facilities thereof, the repair and the necessary increase of grounds and buildings thereof, and for no other purpose. . . ."* (emphasis added).

The burden of proving that a party is entitled to an exemption lies with that party. *In re Appeal Eastern District Conference,* 72 Pa. Commw. 96, 455 A.2d 1274 (1983). Initially, the taxing districts maintain that this record is insufficient to prove that Dickinson College is entitled to an exemption from taxes for the 13 properties pursuant to the Pennsylvania Constitution and the act of 1933.[3] We acknowledge that the word "charity" as used in the Constitution should not be invested ". . . [w]ith a meaning not warranted either lexicologically or by a consideration of the constitutional provision invoked." *Y.M.C.A. of Germantown v. Philadelphia,* 323 Pa. 401, 187 Atl. 204 (1936). However, the entire revenue of Dickinson College, to paraphrase the act of 1933, is applied to the support and efficiency of the facility, the repair and necessary increase of the grounds and buildings, and for no other purpose. Additionally, the underlying philosophy of the constitutional-legislative grant of a tax exemption as set forth in *Y.M.C.A. of Germantown,* supra, is that:

"Taxes are not penalites but are contributions which all inhabitants are expected to make (and may be compelled to make) for the support of the

3. They cite *Appeal of Pittsburgh Institute of Aeronautics,* 435 Pa. 618, 258 A.2d 850 (1969); *Hospital Utilization Project v. Commonwealth,* 75 Pa. Commw. 154, 461 A.2d 894 (1983), *Y.M.C.A. of Germantown v. Philadelphia,* 323 Pa. 401, 187 A. 204 (1936); *In re Appeal Eastern District Conference,* 72 Pa. Commw. 96, 455 A.2d 1274 (1983); *Ogontz School Tax Exemption Case,* 361 Pa. 284, 65 A.2d 150 (1949).

manifold activities of government. Every inhabitant and every parcel of property receives governmental protection. Such protection costs money. When any inhabitant fails to contribute his share of the costs of this protection, some other inhabitant must contribute more than his fair share of that cost. . . . Any institution which by its charitable activities relieves the government of part of this burden is conferring a pecuniary benefit upon the body politic, and in receiving exemption from taxation it is merely being given a 'quid pro quo' for its services in providing something which otherwise the government would have to provide. . . . The measure of an institution's gratuitous aid to those requiring it is the measure by which the government is relieved of its responsibilities. It is therefore just that an institution which assumes pro tanto the taxpayer's burden should be relieved of its own tax burden."

The test for the college to obtain the claimed exemption from taxation as set forth in *Woods Schools Tax Exemption Case,* 406 Pa. 579, 178 A.2d 600 (1962), is that it must "[a]ffirmatively show that the entire institution, (1) is one of 'purely public charity,' (2) was founded by public or private charity, (3) is maintained by public or private charity." In *Hills School Tax Exemption Case,* 370 Pa. 21, 87 A.2d 259 (1952), the Supreme Court noted that "[T]he word 'purely' as used in the constitutions in the phrase 'purely public charity' means that the institution must be entirely free from private profit motive" and "[a] purely public charity does not cease to be such where it receives some payment for its services."

Ninety-four years ago this court in *Dickinson College v. Cumberland County Commissioners,* 12 Pa. County Court Reports 582 (1893), held that Dickinson College "[i]s an institution of learning

formed, endowed and maintained by public and private charity, and that all its real estate situate in the [B]orough of Carlisle in Cumberland [C]ounty . . . is exempt from taxation. . . ." We are satisfied on the current record that the college's tax exempt status has not eroded with the passage of time merely because, in these financially complex times, the means by which it secures funds to support its purely education commitments are more diverse than in the 19th century. The college's tax exemption is legally and historically grounded on Article VIII, section 2(a)(v) of the Constitution and solidified by the specific exemption granted in the act of 1933. Dickinson College and similar private undergraduate educational institutions in this commonwealth play an important role in relieving the government of having to vastly expand the state university system.

Next, the taxing districts argue that the college is estopped from claiming a tax exemption for at least those of the subject properties that are located in districts zoned residential and which the borough suggests are being utilized for institutional purposes as dormitories. The inference here is that these properties are not being utilized in conformance with the borough's zoning restrictions. Whether such is the case is not an issue that we need decide. In *City of Pittsburgh v. Co. of Allegheny, et al*, 50 Pa. Commw. 25, 412 A.2d 661 (1980), the Commonwealth Court noted:

"The city is incorrect, however, in its contention that if the particular use of the property is not within the bounds of the applicable zoning regulations, it cannot be tax exempt. *The sole requirement for tax exemption of a charity's property is that the actual, present use be in conformity with the purposes of the charitable institution.* (emphasis added).

The actual present use of all of the subject properties is in conformity with the educational purposes of Dickinson College. Accordingly, we enter the following

## ORDER

And now, this March 31, 1987:

(1) The decision of the Cumberland County Board of Assessment and Revision of Taxes dated October 31, 1986, denying a tax exemption for the hereinafter set forth 13 properties, is reversed.

(2) The following properties owned by Dickinson College in the borough of Carlisle, Cumberland County, Pa., are exempt from all county, school and borough taxes:

| Address | Parcel Number |
| --- | --- |
| 49-51 S. College Street | 04-21-0320-096 |
| 46 S. West Street | 04-21-0329-120 |
| 34 S. West Street | 04-21-0320-123 |
| 450 W. High Street | 04-21-0322-121 |
| 448 W. High Street | 04-21-0322-149 |
| 527 W. Louther Street | 05-20-1796-168 |
| 521 W. Louther Street | 05-20-1796-169 |
| 505 W. Louther Street | 05-20-1796-176 |
| 600 W. Louther Street | 05-20-1796-198 |
| 544 W. Louther Street | 05-20-1796-207 |
| 136 N. College Street | 05-20-1798-229 |
| 55 N. West Street | 05-21-0320-082 |
| 157-159 W. High Street | 05-21-0320-139 |