565 A.2d 504

**WHEELING–PITTSBURGH STEEL CORPORATION and Monessen Southwestern Railroad, a wholly owned subsidiary of Wheeling–Pittsburgh Steel Corporation, Appellants,**

**v.**

**The BOARD OF REVISION OF TAXES AND APPEALS OF the CITY OF MONESSEN and the Board of Assessment and Appeals of the County of Westmoreland, Appellees.**

Commonwealth Court of Pennsylvania.

Argued May 4, 1989.

Decided Oct. 19, 1989.

David L. Nixon, Hollinshead & Mendelson, Pittsburgh, for appellants.

Daniel Myshin, Monessen, Aaron M. Kress, New Kinsington, Joan G. Dorgan, Buchanan, Ingersoll, P.C., Pittsburgh, Kenneth P. Simon, Pittsburgh, for appellees.

Richard G. Kotarba, Kevin F. McKeegan, Meyer, Unkovic & Scott, Pittsburgh, (Intervention Granted), for Bethlehem Rail Acquisition Corp.

C. Andrew McGhee, Rose, Schmidt, Hasley & DiSalle, Pittsburgh, (Intervention Granted), for Monessen, Inc.

Before BARRY and McGINLEY, JJ., and NARICK, Senior Judge.

## OPINION

BARRY, Judge.

In August of 1986, Wheeling–Pittsburgh Steel Corporation (Wheeling) filed appeals of real estate assessments for 1987 on various parcels of real property located in the City of Monessen (City). At issue in this appeal from an order

of the Court of Common Pleas of Westmoreland County are parcels which contain a steel plant, a continuous caster and a rail mill. All of the parcels had been the subject of assessment appeals by Wheeling originally filed in 1975, which were eventually disposed of by a settlement agreement between Wheeling, the City and Monessen School District (School District). The settlement was confirmed by orders of the Court of Common Pleas of Westmoreland County. One order, in 1979, set the market value for all of Wheeling's real property located in the City. The order further provided that none of the parties would appeal the assessment established in 1979 for the years 1980–1984 except for new construction. The City and the School District further agreed not to impose any assessment until 1986 for the rail mill which was being constructed.

In 1981, the City abolished its Board of Assessment, electing to follow Westmoreland County's assessment by its Board of Assessment and Appeals of the County of Westmoreland for real estate within the City. In 1982, the City and the School District passed resolutions pursuant to the Local Economic Revitalization Tax Assistance Act (LERTA), Act of December 1, 1977, P.L. 237, *as amended*, 72 P.S. §§ 4722–27, which permitted the exemption of certain of Wheeling's property from taxation. In accordance with this resolution and, in order to value the rail mill for City and the School District assessment starting in 1986 as opposed to the assessment for county purposes, the parties obtained an amended order in 1982 from the common pleas court which assessed the rail mill at $8 million when it was placed on the assessment rolls of the City and School District in 1986. The order also set a limit on the total assessment for all Wheeling real property located in the City and stated that such assessment

[s]hall remain at that figure with additions thereto for new construction and substantial repairs and remodeling and with credits for removal or demolition or destruction of buildings all in accordance with the law or until such

time as the county has a complete reassessment of real estate of the county.

(Order of President Judge McCormick, 9/9/82.) The resulting exemption from taxation amounted to a forgiveness of over $2.4 million for Wheeling.

In 1985, Wheeling filed a petition pursuant to Chapter 11 of the United States Bankruptcy Code. As previously mentioned, Wheeling appealed the 1987 tax assessment *which was still based on the 1979 and 1982 orders.* The City and the School District then filed a petition to enforce the 1979 and 1982 orders in order to prevent any action by the Board on Wheeling's tax assessment appeal. After much wrangling in the federal courts, Wheeling's request to stay state court action on the petition of the City and School District was ultimately denied. On September 26, 1988, the Court of Common Pleas of Westmoreland County entered an order, the subject of this appeal, which gave full force and effect to the 1979 and 1982 orders. Wheeling filed the present appeal.

By deed dated June 20, 1988, Wheeling, with permission of the United States Bankruptcy Court, sold the steel facility and the continuous caster to Monessen, Inc. In August of 1988, Monessen, Inc. filed an appeal of the 1989 assessment. By deed dated December 30, 1988, Wheeling sold the rail mill to Bethlehem Rail Acquisition Corporation. In early 1989, both of these purchasers (appellants herein) filed petitions to intervene in the present appeal. This Court, on February 1, 1989, granted both petitions. Wheeling was ordered by the bankruptcy court to pay its 1987 taxes. As a result, Wheeling praeciped to withdraw its appeal. After this Court erroneously entered a notice of discontinuance stating that the appeal had been withdrawn, discontinued and ended, we issued an amended notice which stated that the appeal had been discontinued as to Wheeling only.

Appellants advance a number of arguments for the proposition that the 1979 and 1982 orders have no effect on a tax appeal filed for the 1987 tax year. They argue that apply-

ing two orders to a 1987 tax appeal violates various sections of the Third Class County Assessment Law, Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. §§ 5342–5350k. Specifically, appellants argue that such an application of the orders violates Sections 3, 7 and 8 of the Third Class County Assessment Law. Section 3 provides, "It shall be the duty of said board ... to make and have supervision of the making of annual assessments of ... property made subject to assessment for taxation for [the various taxing bodies] purposes, and to make and have supervision of listing and valuation of property excluded or exempted from taxation." 72 P.S. § 5344(a) (Supp.1989). Section 7 requires the board to annually examine and revise the assessments, taking into account increases or decreases in the value of the subject property. Finally, Section 8 provides that "[a]ny person aggrieved by an assessment, whether or not the value thereof shall have been changed since the preceding annual assessment, or any taxing body having an interest therein, may appeal to the board for relief." 72 P.S. § 5349(c) (Supp.1989). Appellants argue that these sections prohibit the application of the 1979 and 1982 orders for the 1987 tax assessments. We agree.

In *Meadows Real Estate, Inc. v. Board of Assessment Appeals,* 67 Wash.Co.Rpts. 219 (1987), the purchaser of the Meadow Race Track filed an appeal of the 1987 assessment of the property. The Board of Assessment Appeals for Washington County refused to hold a hearing on the matter because the prior owner of the property and the various taxing authorities had stipulated in 1982 on an assessment appeal for that year that the fair market value of the property was $10 million. The stipulation further provided that this figure would remain in effect for seven years. The purchaser, which paid only $5.9 million for the property, appealed to the Court of Common Pleas of Washington County, arguing that the 1982 stipulation could not be effective some five years later. The purchaser there cited Sections 601, 602, 701 and 702 of the Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as*

*amended,* 72 P.S. §§ 5453.101–5453.706, for support of its argument. As the court aptly stated, "[T]he statutory scheme governing assessments in counties of the fourth to eighth class ... does not authorize setting assessed valuations for several years into the future, but only authorizes the setting of an assessed valuation for the current taxable year." *Meadows Real Estate* at 223. Furthermore, "[i]n the absence of any statutory authority granting ... the right to determine an assessed valuation of real estate for any year beyond the current tax year, the taxpayer's objection to the 1982 stipulation must be granted." *Id.* at 224. As the provisions of the Fourth to Eighth Class County Assessment Law differ in no significant respect from the above quoted provisions of the Third Class County Assessment Law, we believe the sound logic of the Honorable Samuel L. Rodgers of the Court of Common Pleas of Washington County in *Meadows Real Estate* is inescapable and we thus adopt it as our own.

The City and the School District argue that the LERTA resolution passed in 1982 provides the necessary statutory authority for setting assessments into the future. We fail to see how that legislation offers such authority. Section 5 of LERTA, 72 P.S. § 4726 (Supp.1989), permits local taxing authorities to grant tax exemptions for new construction or improvements to deteriorated property. While there may be property at issue here that is subject to a LERTA exemption, any such exemption can have no effect on the valuation of non-exempt property. Furthermore, Section 3 of the Third Class County Assessment Law requires the board to annually list and value all property which is exempt from taxation. 72 P.S. § 5344(a) (Supp.1989). The parties may raise the question of exempt property when this tax appeal is heard on remand by the board.

The City and the School District raise a number of arguments in an attempt to breathe life into the 1979 and 1982 orders. They first argue that both appellants should not have been permitted to intervene because neither has a legally enforceable interest. The City and the School Dis-

trict admit that both appellants have a pecuniary interest at stake since this action relates to the 1988 assessment, the year each purchased the property from Wheeling. The Third Class County Assessment Law provides that an appeal of an assessment by the taxpayer operates as an automatic appeal for all subsequent years until the original appeal is decided. 72 P.S. § 5350(c) (Supp.1989). Wheeling's original appeal thus operated as an appeal of the 1988 assessment. Had Wheeling withdrawn its appeal before appellants intervened in this matter, a different result might be mandated. However, given the facts of this case, appellants clearly have a legally enforceable interest and allowing intervention was not only proper, but required.

The City and the School District next argue that the 1979 and 1982 orders are res judicata on the present controversy. Res judicata applies, inter alia, where there is a final *valid* judgment. *Keystone Building Corp. v. Lincoln Savings & Loan Assoc.*, 468 Pa. 85, 360 A.2d 191 (1976). As our prior discussion shows, those orders have no validity when applied to the appeal taken for 1987 and the ensuing years.[1]

The City and the School District next argue that the two orders in question by their express terms preclude this appeal. As with the previous argument, these orders have no validity when applied to this tax assessment appeal. The reliance by the taxing authorities upon those orders is not well founded.

Finally, the taxing authorities argue that if those orders do not preclude the present appeal, the appellants must restore or tender back to the City and the School District any benefits obtained as consideration for those agreements. Without expressing any viewpoint on this argument, we note only that the present tax appeal is concerned

---

1. Because we dispose of this case on statutory grounds, we do not reach the appellants' well founded arguments that application of the 1979 and 1982 orders to the present tax assessment appeals would violate the uniformity provisions of Article VIII, Section 1 of the Pennsylvania Constitution, *Ballou v. State Ethics Commission*, 496 Pa. 127, 436 A.2d 186 (1981) (A court should not decide a case on a constitutional basis when the case can be decided upon non-constitutional grounds).

only with the fair market value and assessed values of the properties in question. Should the City and the School District wish to press this claim, it must await another day and another forum.

## ORDER

NOW, October 19, 1989, the order of the Court of Common Pleas of Westmoreland County, at Nos. 3008–3022 of 1975 and Nos. 3421 and 3263 of 1975 and No. 3736 of 1976, is vacated and the matter is remanded so that the court may order a remand to the Board of Assessment and Appeals of the County of Westmoreland for the required hearing.

Jurisdiction relinquished.