**FIRST KOREAN CHURCH OF NEW YORK, INC., Appellant**

v.

**MONTGOMERY COUNTY BOARD OF ASSESSMENT APPEALS, Cheltenham Township School District, Cheltenham Township, Montgomery County Board of Commissioners, Montgomery County.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 11, 2006.

Decided Nov. 15, 2006.

Ordered Published June 5, 2007.

---

J. Michael Considine, Jr., West Chester, for appellant.

Andrew B. Cantor and S. Quinn Martin, Blue Bell, for appellee, Cheltenham Township School District.

BEFORE: FRIEDMAN, Judge, COHN JUBELIRER, Judge, McCLOSKEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

In this case, First Korean Church of New York, Inc. (FKC), a non-profit entity, is seeking a property tax exemption under the principal place of religious worship, seminary, and charitable use exemptions to taxation provided for in The Fourth to Eighth Class County Assessment Law (the Law).[1]

FKC acquired the property at issue in 1996. The property consists of two parcels totaling 33.85 acres (one parcel of 23.79 acres and one of 10.06 acres) that contain three structures (1 three-story and 2 two-story buildings)[2] that are being used as a place of worship, a seminary, and to

---

**1.** Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §§ 5453.101–5453.706. Section 202, 72 P.S. § 5453.202, lists the exemptions from taxation. In *its* Memorandum before the Assessment Board, FKC relies on Section 204 of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. § 5020–204. In its brief before this Court, FKC relies on the Law. These two sections offer nearly identical exemptions, and this Court has ruled that the two should be read synonymously. *Mount Zion New Life Center v. Bd. of Assessment and Revision of Taxes and Appeals,* 94 Pa.Cmwlth. 439, 503 A.2d 1065, 1067 n. 3 (1986). Given the similarity of the two, we will reference only the Law.

**2.** The three structures are a Mansion House (25,848 square feet for church/classroom use and 42,668 square feet for residential use), a Carriage House (1,225 square feet for church/classroom use and 13,391 square feet for residential use), and a Gate House (no church/classroom use and 1,548 square feet for residential use). The square footage amounts come from an inspection of the property conducted by Mark H. Grabfelder, Commercial and Industrial Assessor for Montgomery County, on October 29, 1998. (Inspection Report.) Assessor Grabfelder described the three buildings in the following manner:

house an assistant pastor and a maintenance worker. The property is located in an R–2 district, which does not allow the use of property for a church or seminary.[3]

In 1998, FKC filed an Application for the Exemption of Real Estate with the Montgomery County Board of Assessment Appeals (Assessment Board). In its application, FKC noted that "[p]rior to June 25, 1996 and since 1952, the property was used exclusively for the same religious purpose." (Application for Exemption of Real Estate (exemption application).) In its Memorandum of Law before the Assessment Board in support of its exemption application, FKC argued that it was entitled to the exemption because: (1) it is a purely public charity; (2) it is a seminary; and (3) it is a place of regularly-stated religious worship. The Assessment Board conducted a hearing that was not transcribed, and had an assessor review the property.

At the same time that the tax assessment case was pending, FKC had brought a zoning case before the Township of Cheltenham Zoning Hearing Board (ZHB) seeking special exceptions under Cheltenham Township's zoning ordinance to use the property as a church and as a seminary. The ZHB conducted a hearing, that was transcribed, and denied the special exceptions. Over the next several years, the case proceeded through the appellate process, during which, in November, 2000, this Court affirmed the denial of the special exceptions and, in May, 2001, the Pennsylvania Supreme Court denied FKC's petition for allowance of appeal of the zoning case.

The ZHB issued its decision denying the special exceptions prior to the Assessment Board issuing its decision in this case. Following the ZHB's decision, the Assessment Board denied the tax exemptions FKC requested. In doing so, the Assessment Board essentially concluded that, because the ZHB denied the special exceptions for church and seminary, these uses were illegal on the property, and the Assessment Board could not grant exemptions for illegal uses.[4]

FKC appealed this decision to the Montgomery County Court of Common Pleas

---

The Mansion House is used for church/classrooms on the first and a library on the second floor. The remainder of the upper floors consist of dormitory rooms which are in disrepair from vandalism and water damage from roof leaks and are not useable for anything but storage at the present time.

The carriage House consists of one apartment on the first floor and a chapel. The remainder is dormitory rooms that are not habitable due to vandalism and lack of maintenance.

The Gate House is the residence of the caretaker.

(Inspection Report.)

3. In 1998, a church-use was authorized by special exception. In 2003, Cheltenham Township amended its zoning ordinance to eliminate this special exception.

4. The decision, titled "Notice of No Change in Assessment" provides that:

As a result of the testimony presented at the recent hearing covering your application for exemption and upon receipt of a copy of the [ZHB] decision denying your request for permission to conduct religious or educational uses on the property....

\* \* \*

The [Assessment Board] has denied the application for exemption.

(Notice of No Change in Assessment dated 12/4/1998.) In proceedings before the trial court, Counsel for the Tax Claim Bureau elaborated on the Assessment Board's decision:

Without getting into a lot of the specifics as to why the zoning relief was denied, we denied the exemption, because there was testimony that only a very small portion of the property was being used for religious services, and nothing was currently being used at that time as a seminary. There was one room, which was a chapel, that was being used as a church.

(trial court). Between December, 1998 and April, 2004, there was little activity on the docket. In July, 2001, FKC filed a motion for summary judgment,[5] which the trial court denied by Order in March, 2002.[6] Cheltenham Township School District (School District) and Cheltenham Township (Township) (collectively Appellees) filed a joint motion for summary judgment on April 11, 2005,[7] that the Assessment Board and Montgomery County joined. FKC filed the "Response of [FKC] to Motion for Summary Judgment and Renewed Cross Motion," in which it challenged Appellees' motion for summary judgment and renewed its prior motion for summary judgment. In this response and its supporting brief, FKC argued for the first time that, under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc (RLUIPA), it is entitled to a tax exemption. At the conclusion of argument, the trial court granted Appellees' motion and denied FKC's renewed motion.[8]

In a subsequent opinion in support of its order, the trial court explained that its decision was based on the fact that FKC's religious use of the property is not authorized within the R–2 district; therefore, the use is illegal and not deserving of a place of worship tax exemption. The trial court noted that RLUIPA "pertains to the regulation of land use" and that questions as to land use had already been decided in the prior litigation by the Commonwealth Court. (Trial Ct. Op. at 6.) The trial court reasoned that "[f]ollowing the principle of stare decisis, the Commonwealth Court's decision [as to the land use] is binding on this Court." (Trial Ct. Op. at 6.) The trial court also noted that "Appellant cannot now argue that this [C]ourt should take [RLUIPA] into consideration in determining the tax-exempt status of the subject property." (Trial Ct. Op. at 6.) The trial court did not address the seminary or charitable property exemptions.

On appeal to this Court, as a threshold issue, FKC argues that its use of the property is legal under the zoning ordinance because: (1) RLUIPA makes it legal; or, (2) the special exception was wrongly denied.[9] FKC then argues that

> Based on the [ZHB]'s decision and very detailed findings of fact and conclusions of law and the testimony that was presented at our hearing, our Board made a determination that they would deny the request for exception because, first of all, the property was not being used as a seminary and the zoning relief, in order to use it as a seminary, had been denied; and secondly, to have it used as a church, the [ZHB], likewise, had denied that request.
>
> So, we went on the understanding that a cease and desist order would be issued. I believe one was. That was appealed by [FKC], and [FKC's zoning appeal] proceeded through the regular course....
>
> (Trial Court Tr. 9/29/2005 at 7–8.)

5. The document was titled "Motion for Summary Judgment filed by First Korean Church of New York, Inc."

6. The Assessment Board filed a response arguing that "real estate exemptions always involve questions of law and fact" and that questions of fact remained, which precluded entry of summary judgment. (Montgomery Count Board of Assessment Appeals' Memorandum of Law in Support of its Response to Motion for Summary Judgment at 5.)

7. The document was titled "Motion of Appellees Cheltenham Township and Cheltenham Township School District for Summary Judgment."

8. The order read, "th[e] Motion of [Appellees] for Summary Judgment is hereby GRANTED" and that "the Renewed Cross Motion for Summary Judgment of [FKC] is hereby DENIED." (Trial Ct. Order 9/29/2005).

9. FKC's argument is difficult to follow, in large part because it fails to abide by Rule

this Court should exempt its property from taxation under the place of worship, seminary, or charitable institution exemptions. Appellees contend that RLUIPA is not properly raised in an assessment case and, also, that the special exception zoning issue cannot be relitigated in this assessment case. Appellees argue, as both the Assessment Board and trial court had found below, that a tax exemption may not be given for uses that are not legal under the zoning ordinance.[10]

From our reading of FKC's brief, it seems that RLUIPA and special exception zoning arguments are directed toward satisfying what has been seen by all parties as the threshold issue—whether the uses for the exemptions being sought are authorized by the applicable zoning law. It does not appear that, at any stage of this assessment case, FKC challenged the premise that conformity with the local zoning ordinances is a pre-requisite toward properly applying a tax exemption that may be available for that use. However, following submission of this case to our Court for resolution, Appellees provided

the Court with authority that invalidates this premise. *City of Pittsburgh v. Bd. of Prop. Assessment of Allegheny County*, 50 Pa.Cmwlth. 25, 412 A.2d 661, 662–63 (1980).[11]

In *City of Pittsburgh*, this Court rejected the argument "that if the particular use of the property is not within the bounds of the applicable zoning regulations, it cannot be tax exempt." *City of Pittsburgh*, 412 A.2d at 662–63. Instead, we concluded that "[t]he sole requirement for tax exemption of a charity's property is that the actual, present use be in conformity with the purposes of the charitable institution." *Id.* at 663. Under *City of Pittsburgh*, the taxing authority must look to the use itself, and not whether the use is in conformance with the zoning ordinance, in deciding whether the property is entitled to a tax exemption.

Applying *City of Pittsburgh* to this case, as we must, we are compelled to find that the trial court erred in concluding that, because the use under the zoning ordinance was illegal, there could be no tax

2119 of the Pennsylvania Rules of Appellate Procedure, which requires each argument to be given its own section. Despite listing *six* questions involved on appeal, FKC only has *one* section for argument. In a subsection within this argument section, titled "Law," FKC cites what it considers to be the applicable law for resolving this case. This section references: (1) RLUIPA; (2) special exception precedent; and (3) tax exemption precedent. The brief then goes into extensive discussion of the facts surrounding the use of the property, but does so almost entirely in the context of explaining why the special exception was wrongly decided.

10. Our "scope of review in a tax assessment appeal is limited to a determination of whether the trial court abused its discretion, committed an error of law, or made findings unsupported by substantial evidence." *Benedictine Sisters of Pittsburgh v. Fayette County Bd. of Assessment Appeals*, 844 A.2d 86, 88 n.

3 (Pa.Cmwlth.2004). Additionally, in a tax assessment case, the burden is on the taxpayer to prove "entitlement to an exemption from taxation." *Mount Zion New Life Center v. Bd. of Assessment and Revision of Taxes and Appeals*, 94 Pa.Cmwlth. 439, 503 A.2d 1065, 1068 (1986).

11. This case was scheduled for argument but, by order of the Court, was, instead, submitted on briefs. Following submission of this case to the Court for disposition, Appellees submitted a letter to this Court, copying counsel for all parties, as well as the trial court judge, apprising the Court of authority adverse to its position, *City of Pittsburgh v. Board of Property Assessment of Allegheny County*, 50 Pa. Cmwlth. 25, 412 A.2d 661, 662–63 (1980), that it had discovered during argument preparation. We commend the Appellees for fulfilling their ethical responsibility of candor with the Court.

exemption.[12] Because there were no fact-findings on whether the property is entitled to a tax exemption, we must remand this matter for further proceedings.

Therefore, the part of the order denying FKC's renewed motion for summary judgment is affirmed, the part of the order granting Appellees' motion for summary judgment is reversed, and this case is remanded for consideration of FKC's claims for place of worship, seminary, and charitable use tax exemptions.

### ORDER

**NOW,** November 15, 2006, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is **AFFIRMED** in part and **REVERSED** in part. The part of the order denying the Renewed Cross–Motion for Summary Judgment, filed by First Korean Church of New York, Inc., is **AFFIRMED.** The part of the order granting the Motion of Cheltenham Township and Cheltenham Township School District for Summary Judgment is **REVERSED** The case is **REMANDED** for proceedings consistent with this opinion for the Court of Common Pleas of Montgomery County to address First Korean Church of New York, Inc.'s claims for place of worship, seminary, and charitable use tax exemptions for the property at issue.

Jurisdiction relinquished.

---

12. Our ruling makes it unnecessary to address FKC's arguments as to whether RLUIPA is appropriately raised in a tax assessment case, as well as whether the special exception was properly decided.