**KMART CORPORATION (Sears Holdings Management Corporation), Appellants**

v.

**WASHINGTON COUNTY BOARD OF ASSESSMENT APPEALS, Peters Township, Peters Township School District, and County of Washington.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 16, 2008.

Decided June 9, 2008.

John J. Arminas, Pittsburgh, for appellant.

Blane A. Black, Monongahela, for appellee, Washington County Board of Assessment Appeals.

Susan M. Key, Washington, for appellee, Peters Township and Peters Township School District.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge, and COLINS, Senior Judge.

OPINION BY Judge PELLEGRINI.

Kmart Corporation (Kmart) appeals from an order of the Court of Common Pleas of Washington County (trial court) granting the motion for summary judgment filed by the Washington County Board of Assessment Appeals, Peters Township, Peters Township School District and the County of Washington (collectively, Taxing Bodies) dismissing Kmart's appeal from its 2007 real estate assessment. We affirm the trial court's order because the tax assessment for tax year 2007 had already been prepared and it was not for a "future" assessment.

Kmart owns commercial property in Peters Township, Washington County, Pennsylvania, a fourth-class county. Kmart challenged its assessment for tax years 2006 and 2007. Hearings were held, and the Assessment Board sustained the assessments.[1]

Settlement negotiations then ensued between Kmart and the Taxing Bodies. As a result, a joint stipulation was entered into by the parties stating that the 2006 and 2007 fair market value of the property was assessed at $6,600,000, but the assessed value in 2006 was $943,800, while, in 2007, it would be reduced to $904,200. The joint stipulation further stated that the parties agreed that any refund would be paid as credit for future tax periods. The joint stipulation was presented to the trial court and was approved by the trial court on August 1, 2006.

On September 1, 2006, Kmart filed a tax assessment appeal with the trial court from the 2007 tax assessment even though it had previously stipulated to the 2007 valuation. Even though it had just agreed to settle the 2007 assessment, it contended

---

1. We note that the Assessment Board's decision in the original record lists the market value of the property at $3,616,800 and the assessed value at $904,200. We also note those numbers are listed in the joint stipulation as well as Kmart's tax assessment appeal to the trial court. No explanation was given for the discrepancy.

that it was not bound by the joint stipulation under this Court's holding in *Wheeling–Pittsburgh Steel Corporation v. Board of Revision of Taxes and Appeals of the City of Monessen,* 129 Pa.Cmwlth. 274, 565 A.2d 504 (1989).

In *Wheeling–Pittsburgh,* a trial court approved a settlement between Wheeling–Pittsburgh Steel, the City of Monessen (City) and the Monessen School District (School District). Those parties entered into a settlement agreement which disposed of tax assessment appeals and in which the parties agreed that no one would appeal the assessment established in 1979 for the years 1980 through 1984 except for new construction. The City and the School District also agreed not to impose any new assessment until 1986 for a new rail mill which was being constructed. Subsequently, the City abolished its Board of Assessment, and in 1982, it passed resolutions pursuant to the Local Economic Revitalization Tax Assistance Act [2] which allowed for exemption from taxation for some of Wheeling–Pittsburgh's property. The parties obtained an amended order in 1982 from the trial court necessary to value the rail mill for the City and the School District assessment beginning in 1986 as opposed to the assessment for county purposes, and the rail mill was ultimately assessed at $8 million in 1986. The trial court order also set a limit on the total assessment for all of the other property stating that the assessment would remain at the figure given with additions for new construction and repairs and with credits for removal or demolition until the county had completed a reassessment of the real estate of the county.

In 1985, Wheeling–Pittsburgh filed a petition for bankruptcy, and in 1986, it filed appeals from real estate assessments for 1987 on the parcels containing its steel plant, continuous caster and rail mill. Those tax assessments were still based on the trial court orders of 1979 and 1982. The City and the School District filed a petition to enforce the trial court's orders and the trial court entered an order giving full force to its prior orders.[3] On appeal to this Court, we relied upon a trial court opinion—*Meadows Real Estate, Inc. v. Board of Assessment Appeals,* 67 Wash. Co.Rpts. 219, 223 (1987)—and Sections 601, 602, 701 and 702 of the Fourth to Eighth Class County Assessment Law [4] for the proposition that "[T]he statutory scheme governing assessments in counties of the fourth to eighth class ... does not authorize setting assessed valuations for several years into the future, but only authorizes the setting of an assessed valuation for the current taxable year." We held that because there was no statutory authority granting the right to determine an assessed value of real estate for any year beyond the current tax year, the objection to the 1982 stipulation had to be granted. We were not persuaded by the City and the School District's various arguments, including that the trial court orders were *res judicata* because we found that the orders had no validity when applied to the appeal taken for 1987 and the years thereafter. Essentially, *Wheeling–Pittsburgh* held that future assessments could not be waived by stipulation because

**2.** Act of December 1, 1977, P.L. 237, *as amended,* 72 P.S. §§ 4722–27.

**3.** Wheeling subsequently sold its steel plant, continuous caster and rail mill to two different purchasers who filed petitions to intervene which were granted. Wheeling was then discontinued as a party from this matter.

Wheeling was ordered to pay its 1987 taxes by the bankruptcy court.

**4.** Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §§ 5453.601; 5453.602; 5453.701; 5453.702.

the Board of Assessment wanted to maintain control over tax assessments.[5]

■ Finding that *Wheeling–Pittsburgh* did not apply, the trial court granted the motion for summary judgment and dismissed Kmart's appeal reasoning:

Kmart now relies on *Wheeling–Pittsburgh Steel Corporation, et al. v. The Board of Revision of Taxes and Appeals, et al.*, 129 Pa.Cmwlth. 274, 565 A.2d 504 (1989) to set aside its agreement. That case is clearly distinguishable since the parties in Wheeling agreed to establish the assessment for realty in 1979 for the future years 1980–1984 and then, entered an Order in 1982 establishing an assessment "until such time as the County has a complete reassessment". This Court agrees an assessment cannot be made for future years. However, in the case *subjudice* the parties entered into an agreement to settle the 2006 Tax Appeal for a substantial reduction to the taxpayer and agreed to an additional reduction for the tax year 2007 in lieu of a tax appeal being filed for that year only. There is nothing in the Joint Stipulation of August 1, 2006, that would bind Kmart Corporation into the future and, in fact, it was able to file a tax appeal for the tax year 2008 and every year thereafter.

(Trial Court's December 20, 2007 Order at 2.) This appeal by Kmart followed.[6]

■ The sole issue on appeal is whether the 2006 joint stipulation between the parties settling the tax assessment on Kmart's property for the future tax assessment of 2007 violated this Court's holding in *Wheeling–Pittsburgh.* Kmart argues that case held that a tax assessment stipulation could not provide for an assessment on real estate beyond the current year. The Taxing Bodies agree with the trial court that we held that future assessments could not be waived by stipulation.

The question then becomes whether the joint stipulation in this case involved future assessments. The Taxing Bodies allege that *Wheeling–Pittsburgh* was meant to limit the parties' right to stipulate to the assessment of future years, not the present year of settlement as in this case, and the parties here did not waive their right to litigate future assessments. They point out that the 2007 tax roll had already been prepared by the county assessor, and the time for filing an appeal of the 2007 assessment was ripe. The last day for filing an appeal of the 2007 assessment was September 1, 2006, so when the trial court approved the joint stipulation on August 1, 2006, it was not setting a future assessment regarding tax year 2007. The joint stipulation merely addressed the year of the pending litigation and the present year of settlement. We agree.

Section 601 of the Fourth to Eighth Class County Assessment Law provides:

Annually, on or before *the first day of July*, the chief assessor shall, from the returns made by the local assessors, prepare and submit to the board, in the form prescribed by the board, *an assessment roll* or list of persons and property subject to local taxation, together *with*

---

**5.** Peters Township School District and Peters Township both filed petitions to intervene and a motion for summary judgment arguing that the 2007 tax assessment had been set by the joint stipulation entered into by Kmart and the Taxing Bodies in 2006 and approved by the trial court.

**6.** Our scope of review in a tax assessment appeal is limited to determining whether the trial court abused its discretion, committed an error of law, or made findings of fact unsupported by substantial evidence. *First Korean Church of New York, Inc. v. Montgomery County Board of Assessment Appeals*, 926 A.2d 543 (Pa.Cmwlth.2006).

*the actual value placed upon each person, each parcel or tract of real property* and the personal property of each person by the assessor, and shall make and have supervision of listing and valuation of property excluded or exempted from taxation. The chief assessor shall, at the same time, prepare and submit a list of all property exempted by law from taxation. The making of triennial assessments as provided by existing law is hereby abolished. (Emphasis added.)

Pursuant to this section, assessment for tax year 2007 was made on July 1, 2006, and Kmart would have had to appeal that assessment by September 1, 2006. Unlike in *Wheeling–Pittsburgh*, when the parties stipulated to the value of Kmart's property in August 2006 for tax year 2007,[7] they were not stipulating to a future assessment, but were only stipulating that one had already been made.[8]

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this *9th* day of *June*, 2008, the order of the Court of Common Pleas of Washington County, dated December 20, 2007, is affirmed.

---

7. If they had done otherwise, mention would have been made in the record or the briefs, and that was not done.

8. Section 701(b) of the Fourth to Eighth Class County Assessment Law provides that any person who has been aggrieved by an assessment may appeal to the Board, but must do so on or before September 1.